UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

E.C., individually, and as Next Friend to His Child, R.C.;
F.F., individually, and as Next Friend to Her Child, Y.F.,
J.G., individually, and as Next Friend to Her Child, A.G.;
Z.A., individually, and as Next Friend to His Child, S.A.;
D.G., individually, and as Next Friend to Her Child, J.G.;
N.H., individually, and as Next Friend to Her Child, L.H.;
R.S., individually, and as Next Friend to Her Child, D.B.S.;
Y.A., individually, and as Next Friend to His Child, B.A.;
H.C., individually, and as Next Friend to Her Child, A.L.;
S.C., individually, and as Next Friend to Her Child, M.C.;
K.E., individually, and as Next Friend to Her Child, G.E.;
A.F., individually, and as Next Friend to Her Child, L.F.,

24-cv-08261 (RPK) (JRC)

**FIRST AMENDED
COMPLAINT**

                    Plaintiffs,

          -against-

The Board of Education of the City School District of the
City of New York; New York City Department of
Education; Chancellor Melissa Aviles-Ramos, In Her
Official Capacity; The City of New York; General Counsel
Liz Vladeck, In Her Official and Individual Capacities;
Senior Policy Advisor Sapna Kapoor in Her Official and
Individual Capacities,

                    Defendants.

PRELIMINARY STATEMENT

1.    This is an action on behalf of fourteen families – all children with disabilities and

their parents – to enforce unappealed and final administrative decisions and orders that the

Defendants owe and refuse to timely pay.

2.    Reluctantly yet resolutely Plaintiff families file this Complaint because Defendants,

rather than comply with lawful orders and pay their financial obligations, have accused Plaintiffs

and families like Plaintiffs' of "gaming the system,"[1] when Plaintiffs have done nothing other than assert their due process rights on behalf of their disabled children.[2]

3.      Each Plaintiff family here asserted their statutory rights to due process and received a final administrative order requiring Defendants to pay for their children's special education and related services. However, and despite requests through counsel on behalf of each Plaintiff, or their private school, Defendants failed and refused to comply with final administrative orders that require payment to Plaintiffs or their school for the special education and related services they received – special education and related services that Defendants were supposed to provide and repeatedly failed to do.

4.      Defendants' persistent and consistent failures to comply with final administrative orders are *ultra vires*, malicious, unconscionable, and lawless. Defendants refuse to comply because they have no incentive to pay for the special education and related services that New York City Public Schools fail to provide to children with Autism Spectrum Disorder ("Autism"), like Plaintiff children. Thousands and thousands of families whose children have disabilities have no alternative but to file due process complaints because Defendants fail systemically to educate their children. Plaintiffs represent but a fraction of these families.

---

[1] Alex Zimmerman, *Banks wants to cut private school payments for NYC students with disabilities,* Aug. 11, 2022, https://www.chalkbeat.org/newyork/2022/8/11/23302326/david-banks-special-education-private-school-tuition-nyc/. Chancellor David C. Banks, standing with Mayor Adams and addressing a parent advisory council, stunned members of the public, and specifically parents with children requiring special education, when he accused parents of special needs children of figuring out how to "game this system." He announced that the City would try to cut hundreds of millions of dollars paid by the City for children with special needs' private school tuition, stating that if such money could be clawed back, "[w]e wouldn't be having this fight about budget cuts . . . [w]e'd be able to pay for all that after-school programming, all of those kinds of things. This is money that's going out the back door every single day."
[2] Firing back at Banks, City Council Education Committee Chair Rita Joseph (D-Brooklyn) stated that "parents are not gaming the system, the system is broken." Michael Elsen-Rooney, *NYC council pushes back on schools chancellor's criticism of city paying private school tuition for disabled students*, NY DAILY NEWS, Sept. 21, 2022, at https://www.aol.com/nyc-council-pushes-back-schools-220800992.html.

5.      To be clear, Defendants suffer no adverse consequences from their unlawful conduct. They repeatedly refuse to pay or delay paying *because they can.* And these delays can span not just months but *years*. Defendants consistently get away with their reprehensible, unlawful, dilatory inaction because families with special needs children like Plaintiffs are powerless to stop them.

6.      Thus far, Defendants act with impunity.

7.      Plaintiffs, however, are firm in their collective belief that justice and the rule of law require this Court to act. Each Plaintiff is legally entitled to the protections and provisions of the Individuals with Disabilities Education Act ("IDEA" or the "Act"), 20 U.S.C. §§ 1400, *et seq.* Plaintiffs request nothing other than compliance with the orders they were issued – compliance with the law. Nothing more. But nothing less.

8.      Up until the passage of the Individuals with Disabilities Education Act (previously known as the Education for All Handicapped Children Act), children with disabilities were routinely warehoused or institutionalized, and consequently, remained uneducated or undereducated. Because of this historic legislation, and its restructuring in 1990 to the Individuals with Disabilities Education Act, all children with eligible disabilities are entitled to a free appropriate public education ("FAPE"), one that is individualized to meet that child's individual needs.

9.      The promise of a free appropriate public education has been broken. Whether that break is irrevocable is now up to the Court.

10.      Defendants are responsible for Plaintiffs' litigation merry-go-round, since Plaintiff families have to sue Defendants every year to obtain special education service. Litigation is never easy. But Plaintiffs have no choice. Defendants' noncompliance failures are systemic, pervasive,

well-known, and well-documented. Indeed, numerous legal actions, including several class actions, have been instituted against Defendants to obtain due process compliance with final administrative orders. *L.V. v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510 (S.D.N.Y. 2010), is but one example. Initiated almost fifteen years ago, the action is still pending before the court. *L.V. v. New York City Dep't of Educ.*, 03-CV-9917 (LAP), 2021 WL 663718 (S.D.N.Y. Feb. 18, 2021). There, class action Plaintiffs sought systemic relief from Defendants' uncooperative intransigence. *Id.* These Plaintiffs are still waiting despite repeated court orders requiring Defendants' compliance.[3]

11.    Defendants' lawlessness is troubling in and of itself, since as government institutions Defendants are answerable to the public and should be held accountable for their unlawful inaction. But here, these consequences – which constitute deliberate misconduct – are contemptible. Defendants' misconduct affects tens of thousands of this City's most vulnerable families, parents with children who have special needs and require special education programs and related services. These families have ongoing challenges and should not be forced to sue Defendants to ensure that the government and those who are responsible for implementing administrative orders and decisions comply with the law.

12.    Defendants are acutely aware that administrative law judges have no power to enforce their own orders. The courts too are and have been reluctant to hold Defendants accountable for their lawlessness.

13.    Yet the harm that Plaintiff families have suffered and continue to suffer – is being experienced by virtually all New York City families who have children with disabilities, who were

---

[3] Plaintiffs here are not part of the *L.V.* litigation since that case requests systemic relief on behalf of the class, not individual relief on behalf of individual claimants.

issued administrative orders for payment, and who are still waiting for Defendants' compliance with these orders.

14.    Yet, by final administrative orders, the equities favored each Plaintiff family's receipt of an award of tuition reimbursement or direct payment to their school, here, Reach for the Stars ("RFTS"), pursuant to their respective enrollment contracts.

15.    Each Plaintiff parent signed a binding and legally enforceable contract with RFTS, a nonpublic school that specializes in educating children with Autism, like Plaintiff children, to pay for the special education and related services provided to their child for the school years at issue.

16.    Each Plaintiff family prevailed in a due process hearing before an Impartial Hearing Officer ("IHO") that resulted in an enforceable administrative order that is final and binding on Defendants.

17.    Each Plaintiff family received an administrative order that legally obligates Defendants to pay or reimburse Plaintiff parents or pay RFTS directly, monies that are to date still due and owing by Defendants.

18.    Despite deliberate noncompliance with lawful administrative orders, no court has held Defendants in contempt for their bad faith failures to pay for the special education other schools and service providers provide to the City's children with disabilities because of Defendants' persistent failures to provide such necessary special education and related services.

19.    Moreover, Defendants engaged in deliberate dilatory tactics in paying their financial obligations, using the courts as their collection box. Time and again, plaintiffs, like Plaintiffs here, are forced to sue Defendants only to have them reluctantly pay their debts, often mooting the litigation before the courts. Yet, Defendants suffer no adverse consequences for their

misconduct. They remain immune to the harm that their misconduct costs others. Parents who owe their schools for the costs of their child's education cannot afford to take out payment loans when the length of time they will have to wait for reimbursement is infinite.

20. Defendants have no reason to pay their debts on a timely basis – or ever. Plaintiffs' expectations that Defendants will "do the right thing" is but a foolish hope. In reality, neither compliance with lawful orders nor payment of their debts is in Defendants' financial or economic interest. There is no cost or penalty for noncompliance. Defendants' ongoing custom, policy, and practice of nonpayment and/or delayed payment is to simply pay when they feel like it, on their own haphazard schedule, or sit and wait to be sued when they delay too long, or fail to pay altogether.

21. Defendants' pattern and practice of misconduct demonstrate a complete breakdown of the special education system in New York City. Their widespread systemic failures to comply, acting under color of law, deny Plaintiffs FAPE and demonstrate their unlawful policies, practices, and procedures to ignore, stonewall, delay, or outright refuse to comply with their lawful obligations – debts that are due and owing. Yet as the Honorable Senior United States District Court Judge Loretta A. Preska held, the "DOE's *only* lawful course of action is to implement those [final binding] Orders, full stop." *LV v. N.Y.C. Dep't of Educ.*, No. 03-CV-9917 (LAP), (S.D.N.Y. Feb. 18, 2021) (emphasis in the original).

22. The harm to Plaintiffs caused and continue to cause by Defendants' deliberate noncompliance must end. Plaintiffs now implore this Court to order Defendants to comply with the administrative decisions and orders at issue and pay their financial obligations that remain due and owing to each Plaintiff family, with interest for the time the debts were due and owing and/or to order disgorgement of the "profit" that Defendants obtained at Plaintiffs' expense.

JURISDICTION AND VENUE

23.     The instant case arises under federal and state laws and regulations, including the Individuals with Disabilities Education Act ("IDEA" or the "Act"), 20 U.S.C. §§ 1400, *et seq.*; 34 C.F.R. § 300, *et seq.*; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* ("Section 504"); Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA", "Title II"); 42 U.S.C. § 1983 (Section 1983); the United States Constitution; and New York State law, and corresponding federal and state regulations.

24.     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 in that the claims herein raise federal questions of law and arise under federal laws, including laws providing for the protection of civil rights, and under Section 1983, because of Defendants' widespread unlawful customs, policies, practices, and procedures that reflect Defendants' individual and collective systemic failures and noncompliance with lawful final administrative decisions and orders, all while acting under color of law, and which denied each Plaintiff family FAPE and the protections of laws prohibiting discrimination on the basis of disabilities.

25.     To the extent that this case involves questions of special education rights under New York State laws, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

26.     This Court may order declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

27.     Pursuant to 28 U.S.C. §§ 1391(b) and (c), venue is appropriately placed in the Eastern District of New York in that Defendants maintain business offices in Kings County and Plaintiffs each reside in Kings County.

<u>PARTIES</u>

28.   E.C. is the parent of R.C., a child with an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i).

29.   F.F. is the parent of Y.F., a child with an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i).

30.   J.G. is the parent of A.G., a child with an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i).

31.   Z.A. is the parent of S.A., a child with an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i).

32.   D.G. is the parent of J.G., a child with an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i).

33.   N.H. is the parent of L.H., a child with an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i).

34.   R.S. is the parent of D.B.S., a child with an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i).

35.   Y.A. is the parent of B.A., a child with an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i).

36.   H.C. is the parent of A.L., a child with an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i).

37.   S.C. is the parent of M.C., a child with an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i).

38.   K.E. is the parent of G.E., a child with an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i).

39.    A.F. is the parent of L.F., a child with an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i).

40.    All Plaintiffs who are children have been diagnosed with the disability of Autism Spectrum Disorder ("ASD") also referred to as Autism. Some of the children have additional disabilities as well.

41.    All Plaintiffs who are children are minors, under the age of twenty-one.

42.    All Plaintiffs who are children attended, *i.e.*, for the school year 2023-2024, RFTS, a private school that specializes in educating children with Autism.

43.    All Plaintiffs who are children with disabilities are also eligible for protection under Section 504 and the ADA.

44.    As detailed herein. Plaintiffs are individuals with disabilities under the ADA because each has a disability that substantially limits at least one major life activity, including speaking, learning, or understanding or comprehending information.

45.    All Plaintiffs live within one of the five boroughs in New York City.

46.    Plaintiff parents and their Plaintiff children with disabilities sue under pseudonyms using initials to preserve the privacy and confidentiality of sensitive medical, educational, and disability-related information, which would otherwise be protected under HIPAA, the IDEA, and the Family Educational Rights and Privacy Act of 1974 ("FERPA").

47.    Plaintiff parents also sue under a pseudonym using initials because disclosure of their identities would necessarily disclose the identity of Plaintiff students.

48.    Further, all Plaintiffs who are children here lack the capacity to bring suit on their own without a representative and/or next friend.

49.     Defendant, THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ("BOE"), is located at 65 Court Street, Brooklyn, New York, and is a school board that is organized under and exists pursuant to the New York Education Law. *See* N.Y. Educ. Law § 2950-b (1); § 2551.

50.     The BOE was and continues to have the responsibility and authority afforded it pursuant to New York Education Law §§ 2590-b and 2590-g.

51.     Pursuant to various provisions of the law, including, *inter alia*, Sections 2554 and 2590-g, the BOE is charged with several responsibilities including administering and managing the educational affairs of the City School District (i.e., the BOE) and serving as the employer of all staff, educators, and principals hired to serve, teach in, and manage the City School District.

52.     Under New York Education Law § 2590-g, "[t]he city board shall advise the chancellor on matters of policy affecting the welfare of the city school district and its pupils. Except as otherwise provided by law, the *board shall exercise no executive power and perform no executive or administrative functions*."

53.     The powers of the BOE are expressly enumerated under New York State law.

54.     The BOE changed its name to "the Panel for Educational Policy" ("PEP"). Specifically, the BOE Bylaws provide, in part, as follows: "The fifteen-member body designated as the Board of Education of the City School District of the City of New York in New York Education Law Section 2590-b shall be known as the Panel for Educational Policy ("PEP"). The PEP is a part of the governance structure responsible for the City School District of the City of New York, subject to the laws of the State of New York and the regulations of the State Department of Education. Other parts of the structure include the Chancellor, superintendents,

community and citywide education councils, principals, and school leadership teams. Together this structure shall be designated as the Department of Education of the City of New York."[4]

55.    Defendant, CHANCELLOR MELISSA AVILES-RAMOS, IN HER OFFICIAL CAPACITY, is the current Chancellor of the New York City Public Schools formerly known as the Department of Education (the "Chancellor") and, as such, is entrusted with the specific powers and duties set forth in New York Education Law § 2590-h.

56.    Under the New York Education Law, the Chancellor functions as chief executive officer for the "city school district" (*i.e.*, the BOE) and superintendent of the schools. N.Y. Educ. Law § 2590-h.

57.    Upon information and belief, many powers previously held by the BOE devolved to the Chancellor, with the administrative operations assigned to a body denominated by the Mayor of Defendant City and Chancellor previously known as the Department of Education ("DOE") and now rebranded as the New York City Public Schools. For the sake of consistency, Plaintiffs continue to refer to the DOE and the DOE.

58.    The Chancellor is selected by and serves at the pleasure of the Mayor. N.Y. Educ. Law § 2590-h.

59.    Defendant, NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE"), is a creation of the BOE through the adoption of the BOE and PEP's By-Laws.

60.    Upon information and belief, the BOE, DOE, Chancellor, and City jointly and/or individually constitute the Local Educational Agency ("LEA") under the IDEA and New York State law and are responsible for providing a free appropriate public education ("FAPE") to qualified students with disabilities who reside within New York City.

---

[4] Pursuant to amendments to the statute, the Legislature increased the number of panel members from 15 to 23. N.Y. Educ. Law §§ 2590-b, -g.

61.     When the "DOE" is referenced throughout, the term DOE refers individually to Defendant DOE, as well as collectively to the Defendants.

62.     Defendant, CITY OF NEW YORK (the "City"), is a municipal corporation and a political subdivision of the State of New York. The City's address is c/o Office of the Corporation Counsel, 100 Church Street, New York, New York 10007.

63.     The City is the payor-in-interest for all special education services and is responsible for the Defendants' budget; the City exercises fiscal, administrative, and operational control over the other Defendants.

64.     Defendant City is responsible for funding special education services and implementing the relief requested pursuant to this action and in IDEA due process proceedings generally.

65.     Upon information and belief, Defendant DOE has responsibility for developing policies, in conjunction with Defendant Chancellor and Defendant BOE with respect to the administration and operation of the public schools in Defendant City, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g.

66.     Defendant LIZ VLADECK ("Vladeck") is a citizen of the United States and is named in both her official capacity as General Counsel for the Department of Education and in her individual capacity.

67.     Defendant Vladeck is the General Counsel of the DOE, representing and advising the DOE on all legal matters, including general practice issues, labor and employment matters, equal    opportunity,    employee    discipline,    special    education    .    .    .    ." *See* https://www.schools.nyc.gov/about-us/leadership/nycps-leadership-and-offices.

68.     Defendant SAPNA KAPOOR ("Kapoor") is a citizen of the United States and is named in both her official capacity as Senior Policy Advisor for the Department of Education and in her individual capacity.

69.     Upon information and belief, all Defendants jointly and/or individually are recipients of federal financial assistance as contemplated by the IDEA, Title II of the ADA, and § 504 of the Rehabilitation Act.

70.     Upon information and belief, all Defendants jointly and/or individually constitute the LEA under the IDEA and New York State law.

71.     Upon information and belief, Defendants Vladeck, Kapoor, and the Chancellor are individually and jointly responsible for the customs, policies, practices, and procedures of Defendants BOE, DOE and City particularly with respect to special education and implementation of administrative decisions and orders within New York City public schools.

## LEGAL FRAMEWORK

**IDEA and FAPE**

72.     Congress enacted the IDEA to ensure that students with disabilities, such as Plaintiffs who are children, have meaningful access to public education.

73.     States that participate in the IDEA receive federal funds and agree to provide a FAPE to all disabled children in the state and comply with the IDEA's procedural and substantive mandates.

74.     New York State has chosen to participate in and implement the IDEA framework and has established procedures for providing special education services to children with disabilities, set forth at N.Y. Educ. Law § 4401, *et seq.* (McKinney 2024)

75.     The primary mechanism for implementing the IDEA's mandate of a FAPE is the Individual Education Program ("IEP") as defined in 20 U.S.C. §§ 1401(14), 1414(d).

76.     An IEP is a written statement prepared for every child with a disability that sets forth the special education and related services, supplementary aids and services, and program modification or supports to be provided to the child, on or behalf of the child, to enable that child to achieve a comprehensive set of annual goals and short-term objectives.

77.     The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a FAPE. 20 U.S.C. § 1412(a)(1).

78.     A FAPE must meet each student's "unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d) (1) (A)-(B). 98. A FAPE must "include an appropriate . . . secondary school education in the State involved;" and (d) be provided in conformity with an IEP. *See* 20 U.S.C. §§ 1401(9), 414(d)(2)(A); 8 N.Y.C.R.R. § 200.4(e)(1)(ii).

79.     To be entitled to a FAPE, a child must have one or more of thirteen disabling conditions and, by reason of his/her disability, require "special education" and "related services." 34 C.F.R. § 300.8(a)(1).

80.     Defendants are responsible for providing a FAPE to all eligible children in New York City and for promulgating policies and procedures in accordance with the IDEA. 34 C.F.R. § 300.17.

81.     Every child with the designated disability classifications is entitled to an IEP and the LEA (here, Defendants) must provide an IEP which must be individually tailored to each student and is meant to serve as a blueprint for each child's special education services. 20 U.S.C. § 1414(d).

82.    By the beginning of each school year, Defendants must have an IEP in place that offers a FAPE to each eligible child. 20 U.S.C. § 1414(d)(2).

83.    The IDEA and New York State law and federal and state regulations prescribe, in detail, the process for developing IEPs and their contents. 20 U.S.C. § 1414(d)(1)(A), (d)(2); 34 C.F.R. §§ 300.320(a)(2)-(3); 300.324; N.Y. Educ. Law § 4401, *et seq.;* and 8 N.Y.C.R.R.§ 200.4(d)(2)(iii).

84.    Defendants are obligated to make decisions about IEPs, services, and placements based on a student's individual needs, and not on policies, procedures, or availability of resources.

85.    The Defendants are required to establish and maintain procedures in accordance with the IDEA to "ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a [FAPE]." 20 U.S.C. §1415(a).

86.    One of the IDEA's due process rights is the right to file a due process complaint ("DPC") "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. §1415(b)(6)(A).

87.    Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency (SEA)] or by the Local Education Agency (LEA) as determined by State law or by the [SEA]." 20 U.S.C. §1415(f)(1)(A).

88.    The IDEA sets forth detailed requirements for hearing procedures. 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511-516.

89.    In New York City, Defendants are responsible for ensuring that impartial hearings comport with the IDEA's requirements.

90.    A parent who prevails in a due process hearing is entitled to have the school district, here the Defendants, pay his or her reasonable attorneys' fees.

91.     When a child with a disability is not receiving his or her special education and related services, the IDEA is violated.

92.     The IDEA is violated where children who are entitled to FAPE are denied FAPE.

**The ADA and Section 504**

93.     Title II of the ADA and Section 504 of the Rehabilitation Act protect individuals with disabilities from discrimination in their receipt of primary and secondary education.

94.     Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

95.     Title II defines disability as a "physical or mental impairment that substantially limits" a "major life activity" of an individual, such as learning. *Id.* § 12102.

96.     The ADA defines a "public entity" as "any department, agency . . . or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B).

97.     Defendants are public entities that provide services for which the Plaintiffs are qualified. Title II therefore protects the Plaintiffs from discrimination in the provision of these services on the basis of the Plaintiffs' disabilities.

98.     Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

99.     The Rehabilitation Act defines disability as "a physical or mental impairment" which "results in a substantial impediment" of a major life activity, such as learning. *Id.* § 705; 42 U.S.C. § 12102(1).

100.    As described in detail herein, the Plaintiffs are individuals with disabilities under Section 504 because each has a disability that results in a substantial impediment of a major life activity.

101.    Under the implementing regulations of Section 504, a recipient of federal funds shall provide a free appropriate public education to each qualified individual with a disability in the recipient's jurisdiction. 34 C.F.R. § 104.33(a).

102.    The provision of a free appropriate public education means the provision of regular or special education and related aids and services designed to meet the individual educational needs of students with disabilities as adequately as the needs of students without disabilities. *Id.* § 104.33(b).

103.    Defendants are entities receiving federal funds that provide services for which the Plaintiffs are qualified. Section 504 therefore protects the Plaintiffs from discrimination in the provision of these public services on the basis of the Plaintiffs' disabilities.

## **EXHAUSTION OF REMEDIES IS NOT REQUIRED**

104.    Although many of the orders presented for enforcement here are unappealed orders, and therefore are final, Plaintiffs nonetheless argue that exhaustion is not required.

105.    First, Plaintiffs raise systemic claims and challenge Defendants' policies, practices, and procedures.

106.    Administrative hearing and appeals officers in New York typically lack jurisdiction to address systemic issues and or matters of policy or abstain from exercising their potential jurisdiction.

107.    Further, payments for monies owed by Defendants sought herein are pursuant to final administrative orders.

## FACTS CONCERNING INDIVIDUAL PLAINTIFFS

Facts Concerning R.C.

108.    R.C. has been diagnosed with Autism. Autism is an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i). Moreover, Autism adversely affects a number of major life functions, including learning, speaking, reading, and engaging in everyday activities.

109.    R.C. is a student with a disability and is eligible for an IEP and a FAPE in New York City. 34 C.F.R. § 300.17.

110.    R.C. is a qualified individual with a disability who is entitled to FAPE and protected from discrimination based on his/her disabilities under Section 504 and Title II.

111.    R.C. attended RFTS during the 2023-2024 school year and prevailed in a due process hearing, IHO # 270572 before IHO Harold T. Hinds that resulted in a FOFD dated August 29, 2024.

112.    The FOFD was not appealed and thus became final.

113.    According to the Order Defendant DOE is directed to pay the private school RFTS within 30 days of the decision for the 2023-2024 school years. The amount due and owing is $268,329.00 to RFTS, which represents services provided for the 2023-2024 school year; also due and owing is the $250.00 reimbursement to the parent, which represents the enrollment fee.

114.    To date, despite proper requests, Defendants fail to comply with this final order.

115.    Plaintiffs note that the Defendants have also failed to remit payment for numerous other Plaintiff students for multiple prior school years.

116.    Based on Defendants' customs, policies, practices, procedures, and inactions, Defendants are not likely to comply with the current order absent the Court ordering Defendants to pay the amount owed and/or absent a judgment on the merits.

117.    Should the Court issue such an order, and/or Plaintiffs receive a judgment on the merits, Plaintiffs should be considered the prevailing parties in this case, and counsel for Plaintiffs in this action should be awarded reasonable attorneys' fees, costs, expenses, prejudgment interest, and post-judgement interest for all the work performed in this case.

Facts Concerning Y.F.

118.    Y.F. has been diagnosed with Autism. Autism is an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i). Moreover, Autism adversely affects a number of major life functions, including learning, speaking, reading, and engaging in everyday activities.

119.    Y.F. is a student with a disability and is eligible for an IEP and a FAPE in New York City. 34 C.F.R. § 300.17.

120.    Y.F. is a qualified individual with a disability who is entitled to FAPE and protected from discrimination based on his/her disabilities under Section 504 and Title II.

121.    Y.F. attended RFTS during the 2021-2022 school year and prevailed in a due process hearing, IHO # 226799 before IHO Harriet Gewirtz that resulted in a FOFD dated November 27, 2024.

122.    The FOFD was not appealed and thus became final.

123.    According to the Order Defendant DOE is directed to pay the private school RFTS within 45 days of the decision for the 2021-2022 school years. The amount due and owing is $396,258.33 to RFTS, which represents services provided for the 2021-2022 school year.

124.    To date, despite proper requests, Defendants fail to comply with this final order.

125.    Plaintiffs note that the Defendants have also failed to remit payment for numerous other Plaintiff students for multiple prior school years.

126.    Based on Defendants' customs, policies, practices, procedures, and inactions, Defendants are not likely to comply with the current order absent the Court ordering Defendants to pay the amount owed and/or absent a judgment on the merits.

127.    Should the Court issue such an order, and/or Plaintiffs receive a judgment on the merits, Plaintiffs should be considered the prevailing parties in this case, and counsel for Plaintiffs in this action should be awarded reasonable attorneys' fees, costs, expenses, prejudgment interest, and post-judgement interest for all the work performed in this case.

Facts Concerning A.G.

128.    A.G. has been diagnosed with Autism. Autism is an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i). Moreover, Autism adversely affects a number of major life functions, including learning, speaking, reading, and engaging in everyday activities.

129.    A.G. is a student with a disability and is eligible for an IEP and a FAPE in New York City. 34 C.F.R. § 300.17.

130.    A.G. is a qualified individual with a disability who is entitled to FAPE and protected from discrimination based on his/her disabilities under Section 504 and Title II.

131.    A.G. attended RFTS during the 2022-2023 school year and prevailed in a due process hearing, IHO # 267225 before IHO Sharifa Milena Nasser that resulted in a FOFD dated December 30, 2024.

132.    The FOFD was not appealed and thus became final.

133.    According to the Order Defendant DOE is directed to pay the private school RFTS within 20 days of the decision for the 2022-2023 school years. The amount due and owing is $191,367.50 to RFTS, which represents tuition for the 2022-2023 school year.

134.    To date, despite proper requests, Defendants fail to comply with this final order.

135.    Plaintiffs note that the Defendants have also failed to remit payment for numerous other Plaintiff students for multiple prior school years.

136.    Based on Defendants' customs, policies, practices, procedures, and inactions, Defendants are not likely to comply with the current order absent the Court ordering Defendants to pay the amount owed and/or absent a judgment on the merits.

137.    Should the Court issue such an order, and/or Plaintiffs receive a judgment on the merits, Plaintiffs should be considered the prevailing parties in this case, and counsel for Plaintiffs in this action should be awarded reasonable attorneys' fees, costs, expenses, prejudgment interest, and post-judgement interest for all the work performed in this case.

Facts Concerning S.A.

138.    S.A. has been diagnosed with Autism. Autism is an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i). Moreover, Autism adversely affects a number of major life functions, including learning, speaking, reading, and engaging in everyday activities.

139.    S.A. is a student with a disability and is eligible for an IEP and a FAPE in New York City. 34 C.F.R. § 300.17.

140.    S.A. is a qualified individual with a disability who is entitled to FAPE and protected from discrimination based on his/her disabilities under Section 504 and Title II.

141.    S.A. attended RFTS during the 2023-2024 school year and prevailed in a due process hearing, IHO # 251674 before IHO Robert Rodriguez that resulted in a FOFD dated January 8, 2025.

142.    The FOFD was not appealed to date and will become final on February 17, 2025.

143.    According to the Order Defendant DOE is directed to pay the private school RFTS within 35 days of the decision for the 2023-2024 school years. The amount due and owing is $226,398.17 to RFTS, which represents services provided for the 2023-2024 school year.

144.    To date, despite proper requests, Defendants fail to reply to any communications from parent's attorney regarding this order.

145.    Plaintiffs note that the Defendants have also failed to remit payment for numerous other Plaintiff students for multiple prior school years.

146.    Based on Defendants' customs, policies, practices, procedures, and inactions, Defendants are not likely to comply with the current order absent the Court ordering Defendants to pay the amount owed and/or absent a judgment on the merits.

147.    Should the Court issue such an order, and/or Plaintiffs receive a judgment on the merits, Plaintiffs should be considered the prevailing parties in this case, and counsel for Plaintiffs in this action should be awarded reasonable attorneys' fees, costs, expenses, prejudgment interest, and post-judgement interest for all the work performed in this case.

Facts Concerning J.G.

148.    J.G. has been diagnosed with Autism. Autism is an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i). Moreover, Autism adversely affects a number of major life functions, including learning, speaking, reading, and engaging in everyday activities.

149.    J.G. is a student with a disability and is eligible for an IEP and a FAPE in New York City. 34 C.F.R. § 300.17.

150.    J.G. is a qualified individual with a disability who is entitled to FAPE and protected from discrimination based on his/her disabilities under Section 504 and Title II.

151.    J.G. attended RFTS during the 2023-2024 school year and prevailed in a due process hearing, IHO # 260864 before IHO Rodney Austin that resulted in a FOFD dated August 12, 2024.

152.    The FOFD was appealed by the parent, and pursuant to SRO # 24-416 before Steven Krolak, the appeal was dismissed on December 16, 2024.

153.    According to the Order Defendant DOE is directed to pay the private school RFTS for the 2023-2024 school years. *See LV v. N.Y.C. Dep't of Educ.*, No. 03-CV-9917 (LAP), 7 (S.D.N.Y. Feb. 18, 2021) ("if no timeline is specified, [payment must be made] within thirty-five days of the Order's issuance.") The amount due and owing is $186,684.70 to RFTS, which represents services provided for the 2023-2024 school year; also due and owing is the $250.00 reimbursement to the parent, which represents the enrollment fee.

154.    To date, despite proper requests, Defendants fail to comply with this order.

155.    Plaintiffs note that the Defendants have also failed to remit payment for numerous other Plaintiff students for multiple prior school years.

156.    Based on Defendants' customs, policies, practices, procedures, and inactions, Defendants are not likely to comply with the current order absent the Court ordering Defendants to pay the amount owed and/or absent a judgment on the merits.

157.    Should the Court issue such an order, and/or Plaintiffs receive a judgment on the merits, Plaintiffs should be considered the prevailing parties in this case, and counsel for Plaintiffs in this action should be awarded reasonable attorneys' fees, costs, expenses, prejudgment interest, and post-judgement interest for all the work performed in this case.

Facts Concerning L.H.

158.    L.H. has been diagnosed with Autism. Autism is an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i). Moreover, Autism adversely affects a number of major life functions, including learning, speaking, reading, and engaging in everyday activities.

159.    L.H. is a student with a disability and is eligible for an IEP and a FAPE in New York City. 34 C.F.R. § 300.17.

160.    L.H. is a qualified individual with a disability who is entitled to FAPE and protected from discrimination based on his/her disabilities under Section 504 and Title II.

161.    L.H. attended RFTS during the 2023-2024 school year and prevailed in a due process hearing, IHO # 266285 before IHO Jasmine Paul Nau that resulted in a FOFD dated August 7, 2024.

162.    The FOFD was appealed by the parent, and pursuant to SRO # 24-415 before Sarah L. Harrington, the appeal was sustained on November 18, 2024.

163.    According to the SRO Order the Defendant DOE is directed to pay the private school RFTS for the 2023-2024 school years. The amount due and owing is $262,925.05 to RFTS,

which represents services provided for the 2023-2024 school year; and $250.00 reimbursed to the parent, which represents the enrollment fee.

164.    To date, despite proper requests, Defendants fail to comply with this order.

165.    Plaintiffs note that the Defendants have also failed to remit payment for numerous other Plaintiff students for multiple prior school years.

166.    Based on Defendants' customs, policies, practices, procedures, and inactions, Defendants are not likely to comply with the current order absent the Court ordering Defendants to pay the amount owed and/or absent a judgment on the merits.

167.    Should the Court issue such an order, and/or Plaintiffs receive a judgment on the merits, Plaintiffs should be considered the prevailing parties in this case, and counsel for Plaintiffs in this action should be awarded reasonable attorneys' fees, costs, expenses, prejudgment interest, and post-judgement interest for all the work performed in this case.

Facts Concerning D.B.S.

168.    D.B.S. has been diagnosed with Autism. Autism is an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i). Moreover, Autism adversely affects a number of major life functions, including learning, speaking, reading, and engaging in everyday activities.

169.    D.B.S. is a student with a disability and is eligible for an IEP and a FAPE in New York City. 34 C.F.R. § 300.17.

170.    D.B.S. is a qualified individual with a disability who is entitled to FAPE and protected from discrimination based on his/her disabilities under Section 504 and Title II.

171.    D.B.S. attended RFTS during the 2023-2024 school year and prevailed in a due process hearing, IHO # 271329 before IHO Leah Martin that resulted in a FOFD dated August 12, 2024.

172.    The FOFD was appealed by the parent, and pursuant to SRO # 24-417 before Carol H. Hauge, the appeal was sustained to the extent indicated on December 17, 2024.

173.    According to the SRO Order the Defendant DOE is directed to pay the private school RFTS for the 2023-2024 school years. The amount due and owing is $249,363.10 to RFTS, which represents services provided for the 2023-2024 school year; and $250.00 reimbursed to the parent, which represents the enrollment fee.

174.    To date, despite proper requests, Defendants fail to comply with this order.

175.    Plaintiffs note that the Defendants have also failed to remit payment for numerous other Plaintiff students for multiple prior school years.

176.    Based on Defendants' customs, policies, practices, procedures, and inactions, Defendants are not likely to comply with the current order absent the Court ordering Defendants to pay the amount owed and/or absent a judgment on the merits.

177.    Should the Court issue such an order, and/or Plaintiffs receive a judgment on the merits, Plaintiffs should be considered the prevailing parties in this case, and counsel for Plaintiffs in this action should be awarded reasonable attorneys' fees, costs, expenses, prejudgment interest, and post-judgement interest for all the work performed in this case.

Facts Concerning B.A.

178.    B.A. has been diagnosed with Autism. Autism is an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i). Moreover, Autism adversely affects a number of major life functions, including learning, speaking, reading, and engaging in everyday activities.

179.    B.A. is a student with a disability and is eligible for an IEP and a FAPE in New York City. 34 C.F.R. § 300.17.

180.    B.A. is a qualified individual with a disability who is entitled to FAPE and protected from discrimination based on his/her disabilities under Section 504 and Title II.

181.    B.A. attends RFTS during the 2024-2025 school year and IHO Steven Succop in IHO # 276522 entered a pendency order dated January 8, 2025.

182.    The pendency order was not appealed to date.

183.    According to the pendency order Defendant DOE is directed to pay the private school RFTS for the "stay put" 12-months placement commencing July 1, 2024. The amount due and owing is $274,000.00 to RFTS, which represents tuition for the 2024-2025 school year.

184.    To date, despite proper requests, Defendants fail to comply with this pendency order.

185.    Plaintiffs note that the Defendants have also failed to remit payment for numerous other Plaintiff students for multiple prior school years.

186.    Based on Defendants' customs, policies, practices, procedures, and inactions, Defendants are not likely to comply with the current order absent the Court ordering Defendants to pay the amount owed and/or absent a judgment on the merits.

187.    Should the Court issue such an order, and/or Plaintiffs receive a judgment on the merits, Plaintiffs should be considered the prevailing parties in this case, and counsel for Plaintiffs in this action should be awarded reasonable attorneys' fees, costs, expenses, prejudgment interest, and post-judgement interest for all the work performed in this case.

Facts Concerning A.L.

188.    A.L. has been diagnosed with Autism. Autism is an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i). Moreover, Autism adversely affects a number of major life functions, including learning, speaking, reading, and engaging in everyday activities.

189.    A.L. is a student with a disability and is eligible for an IEP and a FAPE in New York City. 34 C.F.R. § 300.17.

190.    A.L. is a qualified individual with a disability who is entitled to FAPE and protected from discrimination based on his/her disabilities under Section 504 and Title II.

191.    A.L. attends RFTS during the 2024-2025 school year and IHO Lauren Wagner Pederson in IHO # 278129 entered a pendency order dated December 11, 2024.

192.    The pendency order was not appealed to date.

193.    According to the pendency Order Defendant DOE is directed to pay the private school RFTS for the months September through and inclusive December 2024 within 35 days of the decision for the 2023-2024 school years and thereafter beginning in January 2025, the DOE shall continue to pay pro rata monthly payments on or before the 15th of each month. The yearly amount due and owing is $274,000.00 to RFTS, which represents services for the 2024-2025 school year.

194.    To date, despite proper requests, Defendants fail to reply to any communications from parent's attorney regarding this order.

195.    Plaintiffs note that the Defendants have also failed to remit payment for numerous other Plaintiff students for multiple prior school years.

196.    Based on Defendants' customs, policies, practices, procedures, and inactions, Defendants are not likely to comply with the current order absent the Court ordering Defendants to pay the amount owed and/or absent a judgment on the merits.

197.    Should the Court issue such an order, and/or Plaintiffs receive a judgment on the merits, Plaintiffs should be considered the prevailing parties in this case, and counsel for Plaintiffs

28

in this action should be awarded reasonable attorneys' fees, costs, expenses, prejudgment interest, and post-judgement interest for all the work performed in this case.

Facts Concerning M.C.

198.    M.C. has been diagnosed with Autism. Autism is an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i). Moreover, Autism adversely affects a number of major life functions, including learning, speaking, reading, and engaging in everyday activities.

199.    M.C. is a student with a disability and is eligible for an IEP and a FAPE in New York City. 34 C.F.R. § 300.17.

200.    M.C. is a qualified individual with a disability who is entitled to FAPE and protected from discrimination based on his/her disabilities under Section 504 and Title II.

201.    M.C. attends RFTS during the 2024-2025 school year and prevailed in a due process hearing, IHO # 275969 before IHO Tanya N. White that resulted in a FOFD dated October 7, 2024.

202.    The FOFD was not appealed and thus became final.

203.    According to the Order Defendant DOE is directed to pay the private school RFTS for the 2024-2025 school year within 15 days. The amount due and owing is $254,000.00 to RFTS, which represents services provided for the 2024-2025 school year; also due and owing is the $250.00 reimbursement to the parent, which represents the enrollment fee.

204.    To date, despite proper requests, Defendants fail to comply with this order.

205.    Plaintiffs note that the Defendants have also failed to remit payment for numerous other Plaintiff students for multiple prior school years.

206.    Based on Defendants' customs, policies, practices, procedures, and inactions, Defendants are not likely to comply with the current order absent the Court ordering Defendants to pay the amount owed and/or absent a judgment on the merits.

207.    Should the Court issue such an order, and/or Plaintiffs receive a judgment on the merits, Plaintiffs should be considered the prevailing parties in this case, and counsel for Plaintiffs in this action should be awarded reasonable attorneys' fees, costs, expenses, prejudgment interest, and post-judgement interest for all the work performed in this case.

Facts Concerning G.E.

208.    G.E. has been diagnosed with Autism. Autism is an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i). Moreover, Autism adversely affects a number of major life functions, including learning, speaking, reading, and engaging in everyday activities.

209.    G.E.  is a student with a disability and is eligible for an IEP and a FAPE in New York City. 34 C.F.R. § 300.17.

210.    G.E. is a qualified individual with a disability who is entitled to FAPE and protected from discrimination based on his/her disabilities under Section 504 and Title II.

211.    G.E. attends RFTS during the 2024-2025 school year and prevailed in a due process hearing, IHO # 283836 before IHO Ronald Abraham that resulted in a FOFD dated November 20, 2024.

212.    The FOFD was not appealed and thus became final.

213.    According to the Order Defendant DOE is directed to pay the private school RFTS for the 2024-2025 school year. *See LV v. N.Y.C. Dep't of Educ.*, No. 03-CV-9917 (LAP), 7 (S.D.N.Y. Feb. 18, 2021) ("if no timeline is specified, [payment must be made] within thirty-five days of the Order's issuance.") The amount due and owing is $274,000.00 to RFTS, which

represents services provided for the 2024-2025 school year; also due and owing is the $250.00 reimbursement to the parent, which represents the enrollment fee.

214.    To date, despite proper requests, Defendants fail to comply with this order.

215.    Plaintiffs note that the Defendants have also failed to remit payment for numerous other Plaintiff students for multiple prior school years.

216.    Based on Defendants' customs, policies, practices, procedures, and inactions, Defendants are not likely to comply with the current order absent the Court ordering Defendants to pay the amount owed and/or absent a judgment on the merits.

217.    Should the Court issue such an order, and/or Plaintiffs receive a judgment on the merits, Plaintiffs should be considered the prevailing parties in this case, and counsel for Plaintiffs in this action should be awarded reasonable attorneys' fees, costs, expenses, prejudgment interest, and post-judgement interest for all the work performed in this case.

Facts Concerning L.F.

218.    L.F. has been diagnosed with Autism. Autism is an eligible disability under the IDEA. 34 C.F.R. § 300.8 (c)(1)(i). Moreover, Autism adversely affects a number of major life functions, including learning, speaking, reading, and engaging in everyday activities.

219.    L.F. is a student with a disability and is eligible for an IEP and a FAPE in New York City. 34 C.F.R. § 300.17.

220.    L.F. is a qualified individual with a disability who is entitled to FAPE and protected from discrimination based on his/her disabilities under Section 504 and Title II.

221.    L.F. attends RFTS during the 2024-2025 school year and prevailed in a due process hearing, IHO # 276374 before IHO Jennifer Ritter that resulted in a FOFD dated October 18, 2024.

222.    The FOFD was not appealed and thus became final.

223.    According to the Order Defendant DOE is directed to pay the private school RFTS within 35 days for the 2024-2025 school year. The amount due and owing is $254,000.00 to RFTS, which represents services provided for the 2024-2025 school year; also due and owing is the $250.00 reimbursement to the parent, which represents the enrollment fee.

224.    To date, despite proper requests, Defendants fail to comply with this order.

225.    Plaintiffs note that the Defendants have also failed to remit payment for numerous other Plaintiff students for multiple prior school years.

226.    Based on Defendants' customs, policies, practices, procedures, and inactions, Defendants are not likely to comply with the current order absent the Court ordering Defendants to pay the amount owed and/or absent a judgment on the merits.

227.    Should the Court issue such an order, and/or Plaintiffs receive a judgment on the merits, Plaintiffs should be considered the prevailing parties in this case, and counsel for Plaintiffs in this action should be awarded reasonable attorneys' fees, costs, expenses, prejudgment interest, and post-judgement interest for all the work performed in this case

## POLICY ISSUES

228.    Defendants have an ongoing unlawful policy and practice of non-compliance and non-payment of special education administrative decisions and orders such as those addressed herein. Defendants' policies and practices are in violation of 42 U.S.C. § 1983.

229.    Defendants' unlawful policies and practices of nonpayment and non-compliance with lawful administrative decisions and orders discriminate against children with disabilities and deprive children of a FAPE in violation of the IDEA – particularly since, upon information and belief, Defendants pay their other debts to entities and vendors in a reasonably and timely manner.

230.    Upon information and belief, Defendants, including specifically Defendants Vladeck, Kapoor, and the Chancellor are responsible for the policies and practices of Defendants, including their policies and practices of noncompliance and non-payments for special education decisions and orders, and specifically are responsible for the policy and practice of delays and/or noncompliance and nonpayment to families attending RFTS.

231.    Under color of state law, due to their unlawful policies and practices of non-compliance and nonpayment, Defendants have improperly interfered with and jeopardized Plaintiffs' respective rights to special education and related services that are afforded to them under New York State law, the IDEA, Section 504, and the ADA, in violation of the law including the Fourteenth Amendment of the United States Constitution, particularly because Plaintiffs' school, RFTS, was and remains in danger of closing due to ongoing failures of Defendants to pay multiple final administrative decisions and orders for RFTS families.

232.    Defendants' unlawful policies and practices failures as described herein, acting under color of state law, have caused and continue to cause Plaintiffs to suffer ongoing harm.

## AS AND FOR A FIRST CLAIM FOR RELIEF:

## IDEA

233.    Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

234.    Each Plaintiff, and each Plaintiff's disabled Student, has been harmed by Defendants' failures to implement the final Administrative decisions and orders that have been issued in their favor as set forth above and herein and will continue to suffer such harm until Defendants implement the final Administrative decisions and orders in accordance with the terms thereof.

235.    Defendants have failed to comply with each Plaintiff's final Administrative decision and order that required Defendants to fully fund each Plaintiff's placement at RFTS as set forth therein. This has denied, and continues to deny, each Plaintiff herein their rights as set forth under the IDEA, 20 U.S.C. § 1401 et seq., the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and the Regulations of the Commissioner of Education, Part 200.

236.    Accordingly, Defendants have violated Plaintiffs' rights under 20 U.S.C. § 1415 and 34 C.F.R. § 300.515(a) and deprived Plaintiffs of a free appropriate public education under 20 U.S.C. § 1400 et seq.

237.    As a result of these violations, Plaintiffs are entitled to the relief requested below.

<u>AS AND FOR A SECOND CAUSE OF ACTION:</u>

<u>Section 504 of the Rehabilitation act of 1973</u>

238.    Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

239.    Plaintiffs are individuals with disabilities under Section 504 because each one has a physical or mental impairment that results in a substantial impediment of a major life activity. 29 U.S.C. §705(20)(B).

240.    Defendants are subject to Section 504 because they receive federal financial assistance.

241.    Each Plaintiff, and each Plaintiff's disabled Student, has been harmed by Defendants' failures to implement the final administrative decisions and orders that have been issued in their favor as set forth above and herein and will continue to suffer such harm until DOE implements the final Administrative Orders in accordance with the terms thereof.

242.   The DOE has failed to comply with each Plaintiff's final Administrative Order which required the DOE to fully fund each Plaintiff's placement at RFTS as set forth therein. This has denied, and continues to deny, each Plaintiff herein a FAPE as set forth under Section 504.

243.   Defendants have been on notice of the systematic unlawful noncompliance with administrative orders but have done nothing to effectively remedy it. In failing to effectively address the noncompliance with administrative orders Defendants have acted in bad faith and exercised gross misjudgment and have acted with deliberate or reckless indifference to the Plaintiffs' federally protected rights.

244.   The Plaintiffs' rights under Section 504 are enforceable under 29 USC § 794(a), as well as the Court's equitable powers.

245.   As a result of these violations, Plaintiffs are entitled to the relief requested below.

<u>AS AND FOR A THIRD CAUSE OF ACTION:</u>

<u>Title II of the Americans with Disabilities Act.</u>

246.   Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

247.   Defendants' conduct is knowing, intentional, reckless, and gross.

248.   Plaintiffs are qualified individuals with disabilities entitled to protection under Title II of the Americans with Disabilities Act because each has a physical or mental impairment that substantially impairs a major life activity. 42 U.S.C. § 12102(1). The Plaintiffs and the punitive class are entitled to a free and appropriate public education.

249.   Defendants discriminated against Plaintiffs under Title II by, inter alia, failing to implement hearing orders, adopting systemic policies, procedures, and practices that violate Plaintiffs' rights under the Section 504, Title II, the IDEA, and New York State law, and engaging

in widespread and pervasive violations of Section 504, Title II, the IDEA, and New York State Education law.

250.    Defendants have failed to ensure compliance of the administrative orders. Therefore, Defendants have discriminated against Plaintiffs in violation of the ADA on the basis of their disabilities by denying them access to FAPE.

251.    Defendants have been on notice of the unlawful noncompliance with administrative orders but have done nothing to effectively remedy it.

252.    In failing to effectively address the unlawful noncompliance with administrative orders Defendants have acted in bad faith and exercised gross misjudgment; Defendants have acted with deliberate reckless indifference to the Plaintiffs' federal protected rights.

253.    Plaintiffs' rights under the ADA are enforceable under 42 U.S.C. § 12133, as well as the Court's equitable powers.

254.    As a result of these violations, Plaintiffs are entitled to the relief requested below. 42 U.S.C. § 12205.

<u>AS AND FOR A FOURTH CAUSE OF ACTION:</u>

<u>NEW YORK LAW VIOLATION</u>

255.    Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

256.    Defendants have violated Plaintiff's rights under New York Constitution, the New York State Education Law §§ 4404 and 4410 and the Regulations of the New York State Commissioner of Education, 8 N.Y.C.R.R. §200, et seq.

257.    Defendants are legally responsible for ensuring compliance with the New York Education Law within New York City.

258.     Defendants denied, and are denying, the rights of Plaintiffs by failing to comply with administrative orders.

259.     Accordingly, Defendants have violated Plaintiffs' rights under 8 N.Y.C.R.R. §200, et seq. and deprived them of a free and appropriate public education under the New York Education Law.

260.     Plaintiffs' rights under the New York Education Law are enforceable under 8 N.Y.C.R.R. § 200, *et seq.* as well as under the Court's equitable powers.

261.     As a result of these violations Plaintiffs are entitled to the relief requested below.

<u>AS AND FOR A FIFTH CAUSE OF ACTION:</u>

<u>42 U.S.C. § 1983 - the IDEA and the Equal Protection Clause of the Fourteenth Amendment</u>

262.     Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

263.     Plaintiffs' rights under the IDEA and § 504 are enforceable under 42 U.S.C. § 1983, as the Defendants have acted under color of state law. As well as the court's equitable powers.

264.     Defendants have violated 42 U.S.C. § 1983 by depriving Plaintiffs, under color of state law, of their rights, privileges, and immunities under federal statutory and constitutional law.

265.     By implementing, promulgating, and continuing to enforce and/or effectuate policies, practices, and customs as alleged herein, Defendants have denied Plaintiffs' the educational services to which they are entitled under the IDEA and New York law, in violation of 42 U.S.C. § 1983.

266.     By failing to supervise and train their employees and agents concerning the federal and state laws and policies concerning general and special education services, Defendants have violated 42 U.S.C. § 1983.

267.    The Defendants violated Plaintiffs' rights under 42 U.S.C. § 1983 by failing to have adequate policies, procedures, protocols, and training to ensure that the provisions of the IDEA referenced herein were complied with. This deprived Plaintiffs of their right to a free and appropriate education under federal and state law.

268.    Under color of state law, the Defendants deprived Plaintiffs of their right a FAPE, special education services afforded to them under New York State law. This is in violation of the Fourteenth Amendment of the U.S. Constitution.

269.    As a direct and proximate result of the Defendants' misconduct, Plaintiffs have suffered and will continue to suffer harm, unless Defendants ordered to pay and comply with the administrative orders.

270.    Defendants, acting under color of law, violated the IDEA rights of each Plaintiff, and each Plaintiff's disabled Student, as protected under Section 1983, in that the Defendants: (a) adopted inappropriate policies and procedures pertaining to the implementation of final administrative orders issued in proceedings brought under the IDEA and applicable state law; (b) failed to abide by existing policies and procedures pertaining to the implementation of final administrative orders issued in proceedings brought under the IDEA and applicable state law; (c) engaged in a widespread practice that constituted custom or usage pertaining to the implementation of final administrative orders issued in proceedings brought under the IDEA and applicable state law; (d) failed to supervise and/ or train their employees to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with such employees pertaining to the implementation of final administrative orders issued in proceedings brought under the IDEA and applicable state law; and (e) failed to adopt and implement appropriate policies and procedures

and/or to adhere to existing policies pertaining to the implementation of final administrative orders issued in proceedings brought under the IDEA and applicable state law.

271.    Defendants' failure and/or refusal to implement and/or comply with the final administrative orders issued in proceedings brought under the IDEA as set forth more fully herein, deprived, and continues to deprive, each Plaintiff and each Plaintiff's disabled Student of their rights under the IDEA, and the regulations promulgated thereunder, as well as N.Y. Educ. Law § 4404 and 4410 (McKinney), in violation of 42 U.S.C. § 1983.

272.    As a direct and proximate result of Defendants' wrongful conduct, each Plaintiff and each Plaintiff's disabled student has experienced a loss of federally guaranteed rights.

273.    As a result of these violations, Plaintiffs are entitled to the relief requested below.

## RELIEF REQUESTED

**WHEREFORE,** the Plaintiffs respectfully request that this Court:

    a.    Assume jurisdiction over this action.

    b.    Order Defendants to fully implement and comply with each final Administrative Order and Decision issued in favor of each respective Plaintiff and said Plaintiff's disabled Student, as set forth more fully herein.

    c.    Enter Judgement against Defendants and in favor of Plaintiffs:

        i.    Finding that Defendants failed to implement and comply with each final Administrative Order and Decision issued in favor of each respective Plaintiff and said Plaintiff's disabled Student, as set forth more fully herein,  and by doing so, deprived each Plaintiff and said Plaintiff's disabled Student of their rights, as set forth in the

IDEA, the regulations promulgated thereunder, as well as Section 504 and the ADA.

ii.  Order Defendants to implement and comply with each final Administrative Order and Decision issued in favor of each respective Plaintiff and said Plaintiff's disabled Student as set forth more fully herein, to fully fund the placement of each Plaintiff's disabled student at RFTS in accordance with each final Administrative Order and/or Decision issued in favor of each respective Plaintiff.

iii.  Find that Defendants' failure to implement and/or comply with each final Administrative Order and Decision issued in favor of each respective Plaintiff and said Plaintiff's disabled Student as set forth more fully herein, while acting under color of law, deprived each Plaintiff and each Plaintiff's disabled Student their rights secured by federal and state law in violation of 42 U.S.C. § 1983.

iv.  Declare that the Defendants violated the Plaintiffs' rights as set forth herein.

v.  Declare Plaintiffs as the "prevailing party" once a judgment on the merits is determined.

vi.  Issue a Final Judgment directing Defendants to modify their policies, practices, and procedures that violate the laws or result in a deprivation of FAPE.

vii.  Issue a Final Judgment directing Defendants to modify their

policies, practices, and procedures that violate the laws.

viii.   Order such other, further, and different relief as may be appropriate under the IDEA, Section 504, ADA, and 42 U.S.C. § 1983.

ix.   Award Plaintiffs' statutory costs in the instant federal action.

x.   Award Plaintiffs' reasonable attorneys' fees in the instant federal action.

xi.   Award Plaintiffs' pre-judgment interest in the instant federal action.

xii.   Award Plaintiffs' post-judgment interest in the instant federal action.

xiii.   Grant such other, further, and different relief as to this Court may seem just, proper, and equitable.

Dated: January 29, 2025
          New York, NY

**THE LAW OFFICE OF LAURA D. BARBIERI, PLLC**

Laura Dawn Barbieri

_____

Laura Dawn Barbieri
115 W 73rd Street, Ste 1B
New York, NY 10023
(914) 819-3387 - cell
LDBarbLaw@gmail.com
Laura@LDBarbLaw.com