THE LAW OFFICE OF

# LAURA D. BARBIERI, PLLC

April 7, 2025

**BY ECF**

Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    *E.C. et al. v. The Board of Education*
                 24- CV-08261 (RPK) (JRC)

Dear Judge Kovner:

      On behalf of twelve families of severely disabled children, Plaintiffs here, I write to express my sincere frustration concerning Defendants' repeated assertions that by paying the amounts they admittedly previously owed to these families, there is nothing left for the Court to consider. Plaintiffs disagree.

      To be clear, the only reason Defendants paid their outstanding debts was because they were sued by Plaintiff families. None of the Plaintiffs had been paid prior to our having filed the enforcement action with this Court. After the first four families filed the first complaint, Defendants had no apparent difficulty in quickly and expeditiously paying the unappealed and outstanding orders. When additional families joined the action, Defendants again quickly and without difficulty paid the amounts that had been outstanding.

      At no time in this extended process did any of these families hear a single word from the Defendants as to when payment would occur. The silent void Defendants create by their refusal to communicate regarding when they intend to make payment – whether the delay is routine or otherwise, serves no legitimate purpose other than to place each and every family in financial jeopardy for an unknown length of time – which turns out to be until they are sued and have to face the Court and explain why they violated administrative orders by failing to timely make required payments.

      To intimate or imply that their delay in making administratively ordered payments, delays that are acutely experienced by each of these indebted families, is somehow routine, "in the ordinary course," or pursuant to the regular "bureaucratic administration," is a highly suspect contention and borders on an out and out falsehood. Defendants took full advantage of me and my clients, who in good faith consented to Defendants' seemingly innocent request for an extension of time to purportedly "investigate" the claims; in reality, Defendants sought the extension to appropriately pay their debts thereby turning plaintiffs and their counsel into collection agents – and the courts into collection boxes.

115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
LDBarbLaw@gmail.com    ***    www.LDBarbLaw.com
Page 1

THE LAW OFFICE OF

# LAURA D. BARBIERI, PLLC

     Plaintiffs did not ask for "expedited" payments as they seem to suggest. Rather, Plaintiffs asked that Defendants pay their debts according to the timetable ordered by administrative law judges – orders Defendants should take seriously from the time of their respective issuance. Instead, Defendants routinely ignore these orders and have been doing so for decades – which is why Defendants are subject to ongoing monitoring pursuant to a United States District Court. *See LV v. New York City Dep't. of Educ.*, 03-cv-09917 (LAP).

     Plaintiffs contend that Defendants should bear financial responsibility for their intentional delays in paying Plaintiffs – in at least the form of interest accrued. A delay of six months, for example, for at least four of Plaintiffs, in Defendants' complying with administrative orders – at Plaintiffs' expense – should come at a cost. Requiring Defendants to at least pay each Plaintiff for the interest they lost as a result of the delay – and which Defendants reaped, seems the least of the potential remedies Defendants should bear for their deliberate failure to pay their debts. Nowhere else and in no other business do debtors escape the financial consequences of their failure to timely pay their debts. Why is the City allowed to pay administrative orders whenever they feel like it – or when there is a proverbial gun to their head by way of court action? Plaintiffs contend, and our Amended Complaint permits, an award of these amounts.

     As to the specific payments made pursuant to the Amended Complaint allegations, Defendants' payments – for eleven families, are recognized, but Plaintiffs contend that interest is still due and owing. Further, disgorgement of this interest and all profits that Defendants reaped should be disgorged and paid to Plaintiffs.

     As to Plaintiff D.B.S., for whom Defendants' claim paperwork, i.e., attendance records, are required, Plaintiffs contend this request is premised on a fiction and merely another rationale for a delay in payment. As Defendants recognized, Plaintiff students attend a school whereat the families are charged only for the services their children receive – a fee for service model. Tuition is a product of the service hours received. If the child is not in attendance, there is no charge since no services were or could be provided. The attendance record is simply a record of whether the child is present or absent and bears no import or relationship to the charges. Defendants possess and have possessed since the inception of the due process proceeding, a detailed recitation by month of the total service hours and rates charged for every service each child received, including Plaintiff D.B.S. No additional documentation is necessary. Defendants should be ordered to pay the full amount that remains due. Plaintiffs respectfully seek this and all amounts that Defendants should be required to pay in the interest of justice as described herein.

     Thank you very much for your consideration.

                                                                Respectfully submitted,

                                                                *Laura Dawn Barbieri*
                                                                Laura D. Barbieri

115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
LDBarbLaw@gmail.com   ***   www.LDBarbLaw.com
Page 2